**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 8, 2023

LETTER TO COUNSEL

RE:   *Lasharne W. v. Commissioner, Social Security Administration*
       Civil No. SAG-21-2603

Dear Counsel:

On October 8, 2021, Plaintiff Lasharne W. petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Supplemental Security Income benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECFs 13, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on January 29, 2018, alleging a disability onset date of June 19, 2016. Tr. 86, 416–21. Plaintiff later amended her alleged onset date to her 50th birthday, July 14, 2019.[1] Tr. 110, 438. Her claim was denied initially and on reconsideration. Tr. 133–43, 147–53. On March 11, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 66–85. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 53–61. Based on new evidence, Plaintiff moved to reopen her case, Tr. 280–85, which the ALJ granted, thereby vacating his earlier decision, Tr. 357. The ALJ held a supplemental hearing on December 14, 2020. Tr. 9–48. On March 1, 2021, the ALJ issued a new decision, again finding Plaintiff not disabled. Tr. 110–23. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's 2021 decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine and status post right heel fracture." Tr. 113. The ALJ further found

---

[1] I note that Plaintiff's birthday appears to be July 15, not July 14. Tr. 16, 438. Plaintiff does not allege that the ALJ erred by using July 14, 2019, as the onset date. *See* Tr. 113; ECF 13-1, at 4 (noting that Plaintiff "elected to amend her onset date to July 14, 2019").

*Lasharne W. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2603
March 8, 2023
Page 2

that Plaintiff's recurrent urinary tract infections ("UTIs") and her depression disorder were nonsevere and that her posttraumatic stress disorder ("PTSD") was not a medically determinable impairment. Tr. 114. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except can occasionally[ ] lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds; stand and/or walk for at least six hours in an eight hour workday; sit for at least six hours in an eight hour workday; push and/or pull as much as she can lift and/or carry; frequently climb ramps or stairs; occasionally climb ladders, ropes or scaffolds; frequently balance; and, frequently stoop, kneel, crouch and crawl.

Tr. 118 (footnote omitted). The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy, such as packer, cleaner, and kitchen helper. Tr. 121–22. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 123.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) evaluated medical opinions contained in Plaintiff's record and (2) evaluated Plaintiff's subjective complaints. ECF 13-1, at 11–19.[2]

Plaintiff first argues that the ALJ erred by "fail[ing] to articulate proper consideration of the supportability and consistency factors when evaluating" the medical opinion of Mr. Clarence Johnson, CRNP, PMH. ECF 13-1, at 12 (citing Tr. 116, 910–12). For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. § 416.920c. An ALJ is required to articulate in the decision how persuasive he finds each medical opinion. *Id.* § 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* § 416.920c(b)(2). Therefore, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* § 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 416.920c(c)(2). ALJs also consider other factors enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* § 416.920c(b)(2).

Here, the ALJ summarized Mr. Johnson's medical opinion before finding it ultimately "unpersuasive." Tr. 116 (citing Tr. 910–12). The ALJ then went on to explain this conclusion based on the supportability and consistency of the opinion as compared to other evidence in the record. *Id.* Regarding supportability, the ALJ explained that Mr. Johnson's "treatment notes do not support the limitations in the opinion including absences from work, inability to maintain

---

[2] Page citations refer to the CM/ECF-generated page numbers in the top right corner of the page.

attention and concentration for extended periods, and ability to work in proximity to public," and the ALJ cited specific treatment notes to back up this determination. *Id.* citing (Tr. 1109–14, 1259–62). The ALJ further explained that Mr. Johnson's opinion was inconsistent with other evidence, such as treatment notes indicating "[Plaintiff] generally appeared well developed, well nourished, alert and oriented as well as exhibited appropriate mood and affect" and that she "lives alone and cares for her grandchildren, which requires the ability to adapt and manage according to environment." *Id.* (citations omitted).

Plaintiff takes issue with the ALJ apparently factoring in that Mr. Johnson completed the Mental Functional Capacity Assessment form on the same day as Plaintiff's initial consultation (February 20, 2020) and noting that the opinion was therefore "based on impressions made by other mental health counselors." Tr. 116; *see* ECF 13-1, at 12. But under the regulations, the ALJ may explain how he accounted for the treatment relationship between the claimant and the opining medical source, including its length and extent. 20 C.F.R. § 416.927c(b)(2), (c)(3). Plaintiff also takes issue with the ALJ's statement that "Mr. Johnson did not recommend additional treatment or changes in medication, which indicates the claimant's limitations are not as severe as opined." Tr. 116, *see* ECF 13-1, at 15. It is true, as Plaintiff notes, that Mr. Johnson did add a new medication to Plaintiff's treatment. ECF 13-1, at 15 (citing Tr. 1260). But this medication adjustment in August 2020 does not render the ALJ's explanation wholly inadequate.

The District of Maryland cases cited by Plaintiff are distinguishable from this case. In *Adrianna S. v. Commissioner*, this Court remanded because the ALJ improperly discredited a medical source's opinion based on inconsistent physical findings while "fail[ing] to address the treating source's findings regarding Plaintiff's non-exertional and mental limitations" despite Plaintiff's mental limitations being "the primary basis for the treating source's opinion." No. SAG-20-3136, 2022 WL 112034, at *2 (D. Md. Jan. 12, 2022). Here, Mr. Johnson's medical opinion addresses Plaintiff's mental limitations, and in discounting that opinion, the ALJ discussed and cited to evidence only relating to Plaintiff's mental limitations. Tr. 116. In *Phyllis D. v. Commissioner*, the ALJ erroneously discounted a medical opinion by citing to only one aberrant treatment record and by faulting the medical source for not calculating the claimant's standing limitations in hours, instead doing so by percentage of the workday. No. SAG-20-3735, 2022 WL 268974, at *1 (D. Md. Jan 28, 2022). Here, the medical records cited by the ALJ in support of his conclusion were not aberrant—they reflect Plaintiff's longitudinal treatment record.

Nor is this a case like *Cynthia C. v. Commissioner*, where the ALJ improperly substituted her lay opinion for that of a medical professional by re-interpreting medical records and arriving at a different conclusion than the opining medical source. No. SAG-20-2710, 2021 WL 4342035, at *2 (D. Md. Sept. 22, 2021). As was the case in *Deborah T. v. Kijakazi*, "the ALJ cited substantial evidence in the record that was inconsistent with and did not support [Mr. Johnson's] opinion." No. BPG-21-858, 2022 WL 1714917, at *3 (D. Md. Jan. 14, 2022); *see also Walter G. v. Kijakazi*, No. 21-2400-BAH, 2022 WL 12036530, at *5–6 (D. Md. Oct. 20, 2022). The ALJ was therefore free to afford the opinion little or no persuasive value, as long as he did so following the relevant regulations.

Moreover, contrary to Plaintiff's assertion, *Testamark v. Berryhill* is also unpersuasive here. In *Testamark*, the Fourth Circuit determined that the ALJ erroneously rejected the medical opinions of a claimant's treating physicians under 20 C.F.R. §§ 404.1527(c) and 416.927(c) by "cit[ing] only to treatment notes predating [Plaintiff's] alleged disability onset date" and "point[ing] to no evidence from the relevant post-onset period that would explain [the ALJ's] assessment of these treating source opinions." 736 F. App'x 395, 398 (4th Cir. 2018) (unpublished). The Fourth Circuit further found that the ALJ erroneously "relied heavily on observations picked from check-the-box forms in [Plaintiff's] treatment notes" and failed to discuss the factors in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c). *Id.* at 398–99.

Notably, the regulations at issue in *Testamark* are not applicable to Plaintiff's case. Because she filed her Title XVI claim after March 27, 2017, the regulation at § 416.920c apply. Additionally, here, the ALJ did not "rel[y] on sparse observations from dated treatment notes" to find that Mr. Johnson's "opinions 'are inconsistent with the other substantial evidence in [Plaintiff's] case record." *Testamark*, 736 F. App'x at 399 (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Rather, in rejecting Mr. Johnson's opinion, the ALJ cited to numerous treatment notes, including the very same notes to which Plaintiff directs the Court's attention. *Compare* Tr. 116 (citing, *inter alia*, Tr. 1103, 1109–14, 1259–62), *with* ECF 13-1, at 13 (citing, *inter alia*, Tr. 1103, 1112–14, 1259–60). In fact, it is Plaintiff who cites numerous treatment records pre-dating the alleged onset date in support of her position. *See* ECF 13-1, at 12 (citing Tr. 1069, 1071, 1081, 1085, 1086 (treatment notes from 2017) and Tr. 1093, 1095, 1097, 1099 (treatment notes from 2018)). The ALJ here cited to records related to the relevant period and meaningfully applied the required factors when evaluating Mr. Johnson's opinion. Tr. 116. Remand is not warranted based on the ALJ's evaluation of Mr. Johnson's medical opinion.

Plaintiff next argues that the ALJ improperly evaluated Plaintiff's subjective complaints relating to her mental impairments.[3] ECF 13-1, at 18–19. An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95 (discussing the two-part framework used in the Fourth Circuit). First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2016 WL 1119029, at *4 (S.S.A. Mar. 16, 2016). Second, and if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. § 416.929(c). At the second step, "there need not be objective evidence of the pain itself or its intensity." *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). For symptoms of diseases such as fibromyalgia and depression that do not produce objective evidence of symptoms, an ALJ cannot reject a claimant's subjective complaints simply because the objective medical evidence does not confirm the extent or severity of the claimant's symptoms. *Arakas*, 983 F.3d at 97; *see Shelley C. v. Comm'r of Soc. Sec. Admin.*, --- F.4th ---, 2023 WL 2147306 (4th Cir. 2023). However, while "a claimant's allegations about her pain may not be

---

[3] Plaintiff does not take issue with the ALJ's evaluation of her subjective complaints relating to her physical limitations. ECF 13-1, at 18–19.

discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 119. The ALJ here did not base his conclusion on a lack of objective medical evidence. Rather, the ALJ explicitly noted that his step-two conclusion was based on inconsistencies "with the medical evidence and other evidence in the record." *Id.* The ALJ properly weighed Plaintiff's subjective complaints against other evidence in the record. Tr. 121. For instance, the ALJ compared Plaintiff's hearing testimony to her previous statements, including those made during medical visits with her primary care provider and her statements regarding her activities of daily living, including her ability to care for dependent grandchildren and live alone. *Id.* Such weighing remains permissible under *Shelley C.* and *Arakas*.

This case is otherwise distinguishable from *Shelley C.*, where the ALJ improperly ignored the waxing and waning nature of depression by citing only to treatment notes where the claimant was stable and by omitting evidence of the claimant's subsequent periods of intense depression symptoms. 2023 WL 2147306, at *15–16. Here, the ALJ noted that treatment notes indicate Plaintiff's condition improved over time. *Id.* Plaintiff argues that because she endorsed symptoms of depression during treatment and because she sometimes needed adjustments to her medications, the ALJ erred in finding her not credible. ECF 13-1, at 19. But the ALJ is permitted to find that a claimant's symptoms do not render her totally disabled despite the fact that her symptoms exist and are limiting to a certain extent. The ALJ here based his decision on substantial evidence. Remand is not warranted due to the ALJ's evaluation of Plaintiff's subjective complaints.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported his conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 13, is DENIED and Defendant's Motion for Summary Judgment, ECF 16, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

*Lasharne W. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2603
March 8, 2023
Page 6

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge